# STATE OF FLORIDA v RIJOS

## Case No. 89-044AC (County Court Case Nos. 78913CC, 78914CC, 78915CC and 78916CC)

Eleventh Judicial Circuit, Dade County

September 10, 1990

## APPEARANCES OF COUNSEL

**Charles M. Fahlbusch, Esquire,** Assistant Attorney General, for appellant.

No appearance by appellee.

Before SALMON, SHAPIRO, GREEN, JJ.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from a County Court order granting appellee's

motion to suppress a videotape as hearsay. For the reasons which follow, we reverse.

Appellee Nestor Rijos was arrested by Trooper Green of the Florida Highway Patrol on November 6, 1988, for Driving Under the Influence, Leaving the Scene of an Accident, Careless Driving and Running a Red Light. Appellee was later transported to the police station where a videotape was made of his performance of the voluntary sobriety tests. Trooper Green administered these tests under the direction of Trooper Brown.

At the hearing below, Trooper Brown was not present and the State sought to introduce the videotape into evidence through the testimony of Trooper Green. The trial court suppressed the videotape because it deemed the instructions or directions made by Trooper Brown to Trooper Green and/or appellee on the tape to be inadmissible hearsay.

Hearsay is a statement or assertion, other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted. F.S. § 90.801(1)(c) (1987). The instructions or directions given on the tape by Trooper Brown were not offered to prove the truth of the matter asserted. It was irrelevant to the proceeding below that one trooper instructed another trooper on how to administer the sobriety tests. As appellant correctly points out, the State sought to introduce the videotape to show defendant's performance of the sobriety tests and not to prove the assertions of one police officer to another.

The issue before the Court below was whether the videotape could be properly authenticated by Trooper Green. Trooper Green was present at the recording of the videotape and was able to testify that it accurately depicted what was said and done during the interview of appellee. This showing was sufficient to authenticate the tape. *Justus v State,* 438 SO.2d 358, 365 (Fla. 1983).

Accordingly, we reverse the order suppressing the videotape and remand this cause to the trial court for proceedings consistent herewith.